UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

GEORGE LABADIE,
        Plaintiff,

        v.                                CIVIL ACTION NO.
                                          14-11686-DPW
WORCESTER SUPERIOR COURT,
        Defendant.

                         MEMORANDUM AND ORDER

    For the reasons state below, the Court denies plaintiff's Emergency Writ of Prohibition (#1) and dismisses this action pursuant to 28 U.S.C. § 1915A without assessment of the filing fee.

                             BACKGROUND

    George Labadie, an inmate confined to the Old Colony Correctional Center, filed his self-prepared "Emergency Writ of Prohibition" naming as defendant the Worcester Superior Court. Labadie seeks to enjoin criminal proceedings in Worcester Superior Court, including re-sentencing,[1] pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

    Labadie's conviction stems from a 2002 robbery of a credit union and the subsequent arrest of Labadie and his wife, who was an employee of the credit union. The Supreme Judicial Court recently found that on the charge of bank embezzlement, Labadie was entitled to a judgment of acquittal because the credit union was not a "bank" within the meaning of G.L. c. 266, § 52. See

---

    [1]The Docket Sheet for Commonwealth v. Labadie, WORC2006-02474, indicates that on April 30, 2014, Labadie's original sentence was revised to 4-5 years.

Commonwealth v. Labadie, 467 Mass. 81, 3 N.E.3d 1093 (Feb. 5, 2014). The SJC remanded to the trial court for entry of conviction of the lesser included offense of larceny by embezzlement in violation of M.G.L. c. 266, § 30) and for re-sentencing on that lesser offense.

Here, Labadie argues that, as a tactical defense strategy, the jury was never instructed on the lesser included offense. Because of this, Labadie contends, he cannot be re-sentenced on the lesser included offense because this would not have been an available option at the time of his original sentencing. Labadie asserts that the instant Writ of Prohibition is his only recourse for challenging the SJC ruling.

## REVIEW

Under 28 U.S.C. § 1915A, the Court is required to conduct a threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A; Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). Because Labadie is proceeding pro se, the Court must construe his allegations liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi

v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

DISCUSSION

Labadie seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Section 1651(a) empowers federal courts to issue writs of mandamus where "necessary or appropriate in aid of their respective jurisdictions." See In Re Pearson, 990 F.2d 653, 656 (1st Cir. 1993).

However, the Anti-Injunction Act, 28 U.S.C. § 2283, provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized ..., or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Id.; see Murphy v. Bank of America N.A., No. 12-11034, 2010 WL 4764591 at *3 (D. Mass. Oct. 5 2012) ("The Anti-Injunction Act is an absolute prohibition against any injunction of any state-court proceedings unless the injunction falls within one of the three specifically-defined exceptions in the statute.")(citation omitted). Because of the Anti-Injunction Act, this Court cannot, and will not, enjoin the state court criminal proceedings. Labadie's remedy is to file an appropriate appeal in state court.

Even if Labadie's request was not barred by the Anti-Injunction Act, it would be barred in accordance with the abstention doctrine first announced in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is rooted in the "longstanding policy against federal court interference with

state court proceedings" and in principles of comity. Younger, 401 U.S. at 43, 44; In re Justices of the Superior Ct. Dept. of the Mass. Trial Ct., 218 F.2d 11, 17 (1st Cir. 2000). The Younger doctrine "is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation." Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 31 (1st Cir. 2004). A federal district court should abstain when the desired relief would "interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).

Here, Younger abstention would be appropriate. First, granting Labadie's request would interfere with ongoing state criminal proceedings. See Rossi, 489 F.3d at 35. Second, his prosecution implicates important state interests of promoting public safety and retaining authority over state criminal proceedings. See, e.g., State v. Haws, 131 F.3d 1205, 1210 (7th Cir. 1997)(applying Younger abstention when state criminal defendant sought declaratory and injunctive relief); Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988) (noting that "Younger itself settled the importance of the state's interest in criminal

proceedings"); Spencer v. Massachusetts, No. 13-11922, 2014 WL 1404699 at *2 (D. Mass. Apr. 9, 2014) (applying Younger abstention when state habeas petitioner challenged two ongoing state-court proceedings); Jackson v. Worcester Police Dep't., No. 10-40132, 2010 WL 4273821 at *2 (D. Mass. Oct. 26, 2010) (explaining that Younger itself solidified the importance of the state's interest in criminal proceedings); Massachusetts v. Azubuko, 616 F. Supp. 2d 174, 177 (D. Mass. 2009)(applying Younger abstention when state criminal defendant attempted to remove his case to federal court).

                                ORDER

   Based upon the foregoing, it is hereby ORDERED

   1.   The Emergency Writ of Prohibition (#1) is DENIED; and

   2.   This action is dismissed pursuant to 28 U.S.C. § 1915A without assessment of the filing fee.


SO ORDERED.

 July 28, 2014                    /s/ Douglas P. Woodlock
DATE                              DOUGLAS P. WOODLOCK
                                  UNITED STATES DISTRICT JUDGE